**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4400-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSEPH J. BROWN,

     Defendant-Appellant.

_____

Submitted October 15, 2020 – Decided October 26, 2020

Before Judges Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 09-04-0695.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel; Liz F. Torres Sanchez, Legal Assistant, on the brief).

PER CURIAM

Defendant Joseph J. Brown appeals from a February 4, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was untimely filed and otherwise lacked merit.

We summarize the pertinent facts and tortured procedural history from the record on appeal. On March 15, 2010, defendant entered an open guilty plea to second-degree eluding, N.J.S.A. 2C:29-2(b), as charged in a single-count Monmouth County indictment. He also pled guilty to two companion motor vehicle summonses: driving while intoxicated (DWI), N.J.S.A. 39:4-50; and driving while his license was suspended, N.J.S.A. 39:3-40. The State agreed to dismiss defendant's remaining motor vehicle infractions, but made no sentencing recommendation.

Before the trial judge, defendant acknowledged he signed the four-page plea form and understood its terms, which his attorney had read to him. When asked whether he understood his second-degree eluding charge exposed him to a term of imprisonment of "up to ten years" with "five years minimum parole ineligibility," defendant politely responded, "Yes, sir, I do." Defendant likewise indicated he comprehended the mandatory jail sentences and fines for his motor vehicle charges and, although defendant was permitted to argue for concurrent

sentences, the judge could impose consecutive sentences on each of defendant's three charges.

The judge then engaged defendant in the following colloquy:

> THE COURT: [T]his plea will be an open-ended plea. We have already gone to plea cutoff and I think the plea offer at that time was for a flat eight years. Once we go to plea cutoff, the State cannot make you any further plea offer. The only way you can plead is if you plead open-ended, so you're facing the maximum sentences. Do you understand?
>
> DEFENDANT: Yes.
>
> THE COURT: Your attorney can argue for less, but you shouldn't anticipate less. You have to anticipate the maximum. Do you understand?
>
> DEFENDANT: Yes.
>
> THE COURT: Knowing all of that, do you still wish to plead guilty?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Have there been any other promises made to you or representations made to you to get you to plead guilty?
>
> DEFENDANT: No, sir.

Upon entering defendant's guilty plea, the judge further noted "no undisclosed threats or promises" had been made to defendant. Defendant's answer to

3

question twenty-one of the plea form likewise confirmed no "other promises or representations" were made to defendant "by anyone" including his attorney.

Following entry of his guilty plea, defendant requested postponement of his sentencing date so he could spend time with his "lady, taking her places, preparing to go to incarceration, putting stuff in hock, in storage, and stuff like that." (Emphasis added). Defendant assured the judge he had not drank alcohol since the date of his arrest and would not imbibe while he awaited sentencing, remarking: "As a matter of fact, I was going to go into a rehab, but I figured I would get a rehab when I go to jail." (Emphasis added).

The trial judge denied defendant's ensuing motion to withdraw his guilty plea, finding defendant's plea colloquy "overwhelmingly" contradicted defendant's belated assertions that plea counsel told defendant he "would receive a suspended sentence and would not be subject to the maximum sentence or any jail time." Although the judge granted the State's motion for a discretionary extended term, N.J.S.A. 2C:44-3(a), thereby exposing defendant to a maximum term of imprisonment of twenty years with a ten-year term of parole ineligibility on the second-degree eluding conviction, N.J.S.A. 2C:43-7(b), the judge sentenced defendant within the ordinary range to an eight-year prison term, with four years of parole ineligibility, N.J.S.A. 2C:43-7(a)(3), on the eluding charge.

The judge imposed a concurrent 180-day jail term on the DWI conviction; and a consecutive 180-day jail term on defendant's fifth conviction for driving on the suspended list. The judge entered a conforming judgment of conviction (JOC) on January 14, 2011.

Thereafter, defendant filed several PCR petitions, all of which – as the present PCR judge noted – "were either dismissed or withdrawn without prejudice for various reasons." According to his present PCR petition: defendant withdrew his first petition as reflected in a February 20, 2014 order; a PCR judge dismissed defendant's second petition on October 28, 2014 because his direct appeal was pending,[1] see Rule 3:22-6A(2); defendant's third petition was dismissed for lack of prosecution on December 5, 2016; and another PCR judge dismissed defendant's "fifth petition" as untimely on June 19, 2018.[2]

---

[1] Defendant did not appeal his conviction or sentence, but only challenged the denial of his motion for a change in custody and, as such, the matter was scheduled on an excessive sentencing oral argument calendar. R. 2:9-11. We affirmed the trial court's decision. State v. Brown, No. A-0550-14.

[2] Defendant did not appeal from the June 19, 2018 order. The record on appeal does not contain the February 20, 2014 and December 5, 2016 orders. Because the parties did not provide an order disposing of defendant's fourth PCR petition, it is unclear from the record whether he filed a fourth petition.

A-4400-18T3

On October 26, 2018 – more than seven years after the JOC was entered – defendant filed the present PCR, incorporating his amended October 23, 2017 petition.[3]  Defendant acknowledged his "present petition [wa]s filed past the five-year time frame as set forth in R[ule] 3:22-12."[4]  But defendant alleged his delay was excusable because he learned from his then-PCR counsel "that to fully pursue [PCR], it was necessary for [defendant] to conduct further research into [his] case, as the present matter [wa]s tangentially related to other pending litigation."  Having completed that investigation, defendant was "prepared to move forward with the matter."  Defendant further asserted:  "Having never been

---

[3]  According to defendant's merits brief, defendant filed the present petition pro se, but he was thereafter represented by counsel.

[4]  Rule 3:22-12 provides, in pertinent part:

> (1) First Petition For Post-Conviction Relief. . . .  [N]o petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the [JOC] that is being challenged unless:
>
> (A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice
>
> . . . .

A-4400-18T3

previously satisfied with presentations of the previously-filed petitions, under the totality of the circumstances, the delay should be found to be excusable." Defendant claimed "enforcement of the time bar" would "result in a fundamental injustice."

Following argument on February 4, 2019, the PCR judge[5] entered the order denying defendant's petition and issued a cogent oral decision squarely addressing the issues raised in view of the governing legal principles. The judge initially determined defendant's petition was time barred under Rule 3:22-12(1). In that regard, the judge noted defendant was sentenced in January 2011 and failed to demonstrate excusable neglect by filing his petition beyond the five-year time limitation. The judge rejected defendant's unsupported contention that "he was not provided with effective counsel on the previous PCR petitions and by the time present counsel was assigned it was realized there were a number of documents missing from his file that were needed for the application." The judge concluded defendant failed to demonstrate "enforcement of the procedural bar would result in a fundamental injustice." Accordingly, the judge denied PCR on procedural grounds.

---

[5] The PCR judge did not enter defendant's guilty plea, sentence defendant, or enter the previous PCR orders that were provided on appeal.

A-4400-18T3

Nonetheless, the PCR judge also addressed the merits of defendant's petition, i.e., that plea counsel "misled" him regarding his "anticipated sentence" and failed "to adequately contest the legitimacy of the indictment." Surveying the applicable law, the judge set forth the prerequisites for an evidentiary hearing, Rule 3:22-10(b),[6] and explained defendant's burden for demonstrating PCR, see Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) that the deficiency prejudiced defendant's right to a fair trial); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

---

[6] As the PCR judge correctly stated, Rule 3:22-10(b) provides:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief, a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief. To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.

A-4400-18T3

The PCR judge rejected defendant's claim that plea counsel failed to inform him about the sentencing consequences of his guilty plea and failed to challenge the indictment. Pertinent to this appeal, the judge found the plea colloquy between the trial judge and defendant belied defendant's assertions. Implicitly finding defendant failed to establish the first Strickland prong, the PCR judge elaborated:

> [The trial judge] explained to defendant on the record the maximum sentence he was facing and defendant stated under oath . . . he understood that because the plea was open he could face up to the maximum sentence.
>
> During the plea hearing, defendant also indicated he knew he would be going to jail because he requested extra time before sentencing to get his affairs in order and he stated that he had not pursued any sort of treatment because he anticipated getting treatment when he was incarcerated.

The PCR judge also found defendant failed to demonstrate prejudice under the second Strickland prong because "much of defendant's sentence was governed by statute and the record indicates . . . defendant fully understood what he was pleading to and the consequences thereof." This appeal followed.

On appeal, defendant limits his argument to a single point for our consideration:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF AS DEFENDANT HAS MADE A SUFFICIENT PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING.

Because defendant's contentions on appeal challenge the PCR judge's legal conclusions, our review is de novo. State v. Parker, 212 N.J. 269, 278 (2012). "[W]here, as here, no evidentiary hearing was conducted, we may review the factual inferences the court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016); see also State v. Harris, 181 N.J. 391, 421 (2004).

As a threshold matter, defendant does not address the PCR judge's decision that his petition was time barred. An issue not briefed is deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2021). We nonetheless have considered the timing of defendant's petition, and on this record, find no basis to disturb the judge's reasoned analysis of this issue.

Turning to the merits of defendant's petition, we similarly conclude from our de novo review that defendant failed to establish a prima facie showing of ineffective assistance of counsel, and correctly determined an evidentiary hearing was not warranted. See R. 3:22-10(b); see also State v. Porter, 216 N.J.

10

343, 354 (2013). We affirm substantially for the reasons expressed in the PCR judge's cogent oral decision. R. 2:11-3(e)(2).

Simply put, there is no evidence supporting defendant's bald assertions that plea counsel assured defendant his sentence would be suspended. See Porter, 216 N.J. at 355 (noting a defendant's PCR petition must contain "specific facts and evidence supporting his allegations"). Moreover, the records from the plea proceedings and sentencing amply refute any claim that defendant was misinformed about his prison sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4400-18T3